**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1212010904 |
| | ) | |
| DUANE L. ROLLINS, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: June 25, 2024
Date Decided: July 17, 2024

**ORDER**

Upon consideration of Defendant's Motion For Sentence Modification ("Motion")[1], Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT**:

1.    On September 4, 2013, Defendant pled guilty to two counts of Strangulation.[2]  As part of the plea agreement, the State indicated that it would seek to declare Defendant a habitual offender under 11 *Del. C.* §4214(a) on a second Count of Strangulation, but would waive proceeding against Rollins as a habitual offender on the first Count of Strangulation.[3]  At sentencing, the Court declared Defendant a habitual offender as to the second Count of Strangulation, and sentenced

---

[1] D.I. 100.
[2] D.I. 33; 11 *Del. C.* § 607.
[3] See *Rollins v. State*, 2015 WL 5032041, at *1 (Del. Aug. 25, 2015).

him to fifteen years at Level V as to the second Count, and five years Level V as to the first count.[4]

2.    Defendant appealed his sentence to the Delaware Supreme Court.[5]  On appeal, Defendant argued that the Court, his trial counsel, and the prosecutor mistakenly characterized Strangulation as a violent offense under 11 *Del. C.* § 4203(c), and improperly required a minimum mandatory sentence of five years at Level V supervision.[6]  The Supreme Court agreed and remanded for resentencing.[7]

3.    On June 10, 2014, Defendant filed a motion to withdraw his guilty plea, arguing that his plea was not knowing, intelligent, and voluntary because of the mistaken belief that Strangulation was a violent offense.[8]  On July 31, 2014, Defendant filed a *pro se* motion to dismiss his trial counsel and for appointment of new counsel.[9]  Defendant's trial counsel filed a motion to withdraw on August 7, 2014.[10]  On August 22, 2014, the Court denied all pending motions.[11]

4.    Defendant was resentenced on January 16, 2015.[12]  The Court declared Defendant a habitual offender regarding the second count of Strangulation, and

---

[4] D.I. 39.
[5] D.I. 41.
[6] *Rollins v. State*, 2015 WL 5032041, at *1 (Del. Aug. 25, 2015).
[7] *Id.*
[8] D.I. 51.
[9] D.I. 54.
[10] D.I. 55.
[11] D.I. 56.
[12] D.I. 62.

resentenced him to ten years, rather than fifteen years, at Level V.[13] Defendant appealed the denial of trial counsel's motion to withdraw, and his sentence, to the Delaware Supreme Court, and the Supreme Court affirmed the Court's ruling[14]

5. On August 25, 2021 Defendant filed a Motion to Modify his Sentence.[15] On November 3, 2021, this Court Denied the Motion.[16]

6. One June 24, 2024 Defendant filed the instant motion to modify his sentence. In this motion defendant seeks to eliminate the condition of completing a certified domestic violence course. Defendant also seeks to be discharged from probation

7. Superior Court Criminal Rule 35(b) provides that the Court "many reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed."[17] Under Rule 35(b), the Court may consider reducing or modifying the term or conditions of partial confinement or probation at any time. Rule 35(b), however, further provides that the Court "***will not consider repetitive requests*** for reduction of sentence."[18]

---

[13] *Id.*
[14] *Rollins*, 2015 WL 5032041, at *4.
[15] D.I. 100.
[16] D.I. 101.
[17] Super. Ct. Crim. R. 35(b).
[18] *Id.* (Emphasis added).

3

8.      This is Rollins' second motion under Rule 35(b) for modification of his sentence. The motion is repetitive and is DENIED.[19]

9.      Even if the merits of the Second Motion were addressed, Defendant provides no additional information that would warrant a reduction or modification of this sentence. The certified Domestic Violence Course is available in the community and can be completed while the defendant is at Level III. Given the crimes to which the defendant pled guilty completion of the certified Domestic Violence Course is appropriate. Additionally, it is not appropriate to discharge probation.

Accordingly, the Court will exercise its discretion under Rule 35(b)[20] and **DENY** Mr. Rollins' Second Motion for Modification.

**IT IS SO ORDERED** this 17th day of July, 2024.

/s/ Francis J. Jones, Jr.
Francis J. Jones, Jr., Judge

Encl.
*Original to Prothonotary*
cc:     Zoe M. Plerhoples, Deputy Attorney General
        Mr. Duane Rollins, SBI 00286395

---

[19] *State v. Burton*, 2020 WL 63057888, at *2 (Del. Super., June 5, 2020) (the bar to considering repetitive motions has no exceptions). *See Jenkins v. State*, 954 A.2d 910, 2008 WL 2721536, at *1 (Del. 2008) (TABLE) (affirming the Superior Court's denial of Defendant's Rule 35(b) motion for modification where Rule 25(b) "prohibits the filing of repetitive sentence reduction motions."); *Morris v. State*, 846 A.2d 238, 2004 WL 716773, at *2 (Del. 2004) (TABLE) (finding that Defendant's Rule 35(b) motion for modification was repetitive, which also precluded its consideration by the Superior Court.").

[20] *Rondon v. State*, 2008 WL 187964, at *1 (Del. Jan. 15, 2008) ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court.").

4